UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL PHILLIPS                                                                          PLAINTIFF
ADC #145557

V.                              Case No. 4:23-CV-00675-BSM-BBM

DEANGELO EARL, Sr. Warden,
Wrightsville Unit; LINDA LOUIS,
Deputy Warden, Wrightsville Unit; and
PERCY ARNOLD, Major, Wrightsville Unit                                       DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.    INTRODUCTION**

On July 20, 2023, Plaintiff Michael Phillips ("Phillips"), a prisoner in the Wrightsville Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Senior Warden Deangelo Earl ("Earl"), Deputy Warden Linda Louis ("Louis"), and Major Percy Arnold ("Arnold") (collectively, "Defendants") violated his constitutional rights. (Doc. 2). Phillips

sued the Defendants in their individual and official capacities. *Id.* at 2. For relief, Phillips requests compensatory and punitive damages. *Id.* at 4.

On September 1, 2023, after the Court screened Phillips's Complaint in accordance with the Prison Litigation Reform Act ("PLRA"), Phillips was allowed to proceed with claims against all Defendants. (Doc. 4 at 2). On October 16, 2023, Defendants filed an Answer. (Doc. 6).

On November 6, 2023, Defendants filed a Motion for Judgment on the Pleadings and a supporting brief, arguing that Phillips's lawsuit should be dismissed with prejudice. (Docs. 13–14). The Court informed Phillips on November 13, 2023, that, if he intended to file a Response to Defendants' Motion, he must do so by November 27, 2023. (Doc. 16). Phillips did not file a Response. Thus, the Motion is ready for disposition.

## II.  FACTUAL ALLEGATIONS

Phillips alleges the following facts in support of his constitutional claims:

1. On or about March 25, 2023, Phillips received a haircut and shave from an inmate in 12 [barracks] at the Wrightsville Unit.[1]

2. About three days later, Phillips noticed bumps on his head turning into sores.

3. Phillips could not stop the bleeding and puss from running from the sores on his head.

4. Phillips then submitted a sick call request to medical concerning the sores on his head.

5. On March 9, 2023 [sic], Phillips saw Dr. Scott, who looked at the sores on Phillips's head and prescribed an ointment.

---

[1] The exact year is not mentioned, but given the timeline of events, the Court infers that the date Phillips pleads is March 25, 2023.

2

6. As of June 21, 2023, the sores continued to be on Phillips's head and continued to seep blood and puss.

7. Cutting hair is held in the barracks, not in any barber shop.

8. Inmate barbers have no schooling.

9. Earl, Louis, and Arnold are to provide inmates with school for cutting hair and cleaning tools.

10. Inmate barbers are not afforded cleaning supplies, as so stated in WR-23-00135 (Attachment III).[2]

11. Phillips is embarrassed and ashamed of the oozing sores on his head.

12. Earl, Louis, and Arnold know what they are allowing is against Phillips's rights to be protected against cruel and unusual punishment.

(Doc. 2 at 4).

### III. DISCUSSION

In their Motion for Judgment on the Pleadings and supporting brief, Defendants argue that they are entitled to: (1) sovereign immunity for Phillips's official-capacity claims (Doc. 14 at 3–4) and (2) qualified immunity for Phillips's individual-capacity claims (*id*. at 4–7). The Court examines each argument below.

#### A.   Standard of Review

When addressing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court applies the same standard used to address a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*,

---

[2] WR-23-00135 ("Attachment III") is the warden's response to a grievance Phillips attached to his Complaint. The Court discusses the significance of this grievance later in the Recommendation. Because it is an exhibit to the Complaint, the Court also accepts as true all facts as stated in Grievance WR-23-00135.

552 F.3d 659, 665 (8th Cir. 2009). When reviewing a Rule 12(b)(6) motion, the court must assume the truth of the factual assertions made in the plaintiff's pleadings. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *See id.* In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp*., 186 F.3d 1077, 1079 (8th Cir. 1999). When deciding such a motion, the court accepts "all facts pled by the nonmoving party as true and grant[s] all reasonable inferences in favor of that party." *Poehl v. Countrywide Home Loans, Inc*., 528 F.3d 1093, 1096 (8th Cir. 2008) (citation omitted).

Furthermore, to prevail on a motion for judgment on the pleadings based on qualified immunity, the official "must show [she is] entitled to qualified immunity on the face of the complaint." *Baude v. Leyshock*, 23 F.4th 1065, 1071 (8th Cir. 2022) (internal quotations and citations omitted). A court's review is "limited to the facts alleged in [the] complaint, which we accept as true and view most favorably to [Phillips]." *Id.* at 1069. "Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his individual capacity that fails to state a claim for violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citations omitted). In determining if a defendant is entitled to qualified immunity, the

Court must conduct a two-prong inquiry into whether there has been a deprivation of a constitutional right and, if so, whether that constitutional right was "clearly established." *Robbins v. City of Des Moines*, 984 F.3d 673, 678 (8th Cir. 2021).

### B.     Phillips's Official-Capacity Claims

Defendants are correct that Phillips's official-capacity claims for money damages should be dismissed because such claims are barred by sovereign immunity. *See Fegans v. Norris*, 537 F.3d 897, 908 (8th Cir. 2008) (holding state employees acting in their official capacity are immune from civil suits for damages); *Hagemeier v. Block*, 806 F.2d 197, 203 (8th Cir. 1986) (holding sovereign immunity bars claims against officials in their official capacities). Furthermore, because Phillips's Complaint *only* requests monetary damages (Doc. 2 at 4), all claims against Defendants in their official capacity should be dismissed *without* prejudice. *See Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024) (noting that state sovereign immunity is jurisdictional in nature and dismissal should be made without prejudice); *Shue v. Lampert*, 580 F. App'x 642, 644 (10th Cir. 2014) (unpublished) (same); *see also Roth v. United States*, 476 F. App'x 95 (8th Cir. 2012) (unpublished *per curium*) (noting Federal Government's sovereign immunity is jurisdictional in nature and clarifying that dismissals should be made without prejudice).

### C.     Phillips's Individual-Capacity Claims

Defendants argue they are entitled to qualified immunity as to Phillips's individual-capacity claims because Phillips "set forth no plausible claim against defendants explaining their purported involvement in unit barbering, much less the how or when or why they allegedly 'knew' of the issues claimed." (Doc. 14 at 5). Defendants further assert that

5

"[n]othing ties them to [Phillips's] broad allegations other than their role as supervisors." *Id*.

To state a viable Eighth Amendment conditions-of-confinement claim, Phillips must allege that: (1) objectively, he was subjected to conditions within the prison that created a substantial risk of serious harm to his health or safety; and (2) subjectively, Defendants were deliberately indifferent to the known risk of harm posed by those conditions. *See Davis v. Oregon County, Missouri.*, 607 F.3d 543, 548–49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). Thus, Phillips must, at a minimum, show that the Defendants were substantially aware of, but disregarded, an excessive risk to Phillips's health or safety. *Revels*, 382 F.3d at 875 (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). The Eighth Circuit has emphasized that deliberate indifference includes something more than negligence or even gross negligence. *Patterson v. Kelley*, 902 F.3d 845, 852 (8th Cir. 2018); *Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002). Instead, deliberate indifference "requires proof of a reckless disregard of the known risk." *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011).

Finally, in civil rights cases such as this, supervisors are not liable for the constitutional violations of their subordinates based solely on the fact that they are supervisors. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); and *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). This means that, to proceed with a § 1983 claim, a prisoner "must plead that each Government-official

6

defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676.

Applying the above standards to the facts of this case, Phillips's Complaint should be dismissed for failure to state a claim. As an initial matter, even though Phillips's timeline of events—as alleged in the Complaint—appears to be out of order, the Court will read the Complaint to allege that Phillips saw Dr. Scott and received treatment prior to March 25, 2023. This reading of the Complaint considers Phillips's attached March 24, 2023 grievance (WR-23-00135), which discusses Dr. Scott and his prescribed ointment, as follows:

> I Michael Phillips 145557 am bringing this matter/complaint against warden D. Earls – D.W. Lewis and Major [Arnold] for unsafe living conditions. On 3/9/23 I Michael Phillips 145557 saw Dr. Scott for sores on my head this condition has taken place due to hair cut and shave by inmate barbers. Dr. Scott prescribed me [] ointment in which I do use. Warden Earl and D.W. Lewis and Major Arnold are allowing inmates to cut hair and shave without any barber state license. Those inmates don't clean clipping after each use of hair cut/shave nor do they have cleaning tools. [I]t is against state law to allow anybody to cut hair in a state prison without [a] [barber license]. My head condition is getting no better and the risk of not getting better is obvious and these named prison officials named herein have been aware of but are still deliberate indifference to the unsafe conditions.

(Doc. 2 at 5). Construing the order of events in a light most favorable to Phillips, his allegations still fail to state a claim for the reasons detailed below.

First, even assuming without deciding that Phillips's allegations meet the "objective" prong of an Eighth Amendment conditions-of-confinement claim, the Court finds that Phillips's allegations do not meet the "subjective" prong. Phillips has not pled facts establishing that Defendants acted with deliberate indifference to any *known*,

substantial risk of harm. While Phillips does allege that Defendants "know what they are allowing is against my rights," (Doc. 2 at 4), this statement, without more, fails to sufficiently allege indifference to a known, substantial risk by any Defendant.

Importantly, the responses to Phillips's grievance—also attached to the Complaint—support this conclusion. After Phillips filed his grievance on March 24, 2023, non-party Captain McDaniel replied, "all inmates are issued the required tools and cleaning supplies for their job assignment. If you have any medical conditions contact medical[.]" (Doc. 2 at 5). When Phillips appealed Captain McDaniel's reply, he received the following response:

> Be advised, Inmate Phillips, that all inmates assigned to cut hair are given the needed tools to carry out their job assignments, which includes proper orientation, equipment, and the chemicals to clean their tools. Hence, your allegation that the Inmates' Barbers do not have the cleaning tools is unfounded.

*Id.* at 6. Phillips disagreed with this response, and, at the bottom of the response, Phillips wrote the following:

> I disagree with the warden because they never check the barber box to make sure that it's the right chemicals to clean the clippers it's never chemicals in the barbers box to clean the clippers the correct way do to this matter that's how i got this fugus [sic] in my head i been prescribe[d] medication for this the clippers are unsafe to us.

*Id.*[3] No named Defendant interacted in any way with these grievances. Simply put, nothing in this grievance, the officials' reply, or Phillips's response indicates how or why *any*

---

[3] It appears that the ADC rejected Phillips's subsequent grievance appeal for failure to follow policy.

8

*Defendant* knew about the cleaning issues with inmate barbers. Even liberally construing Phillips's Complaint, Phillips fails to allege that any Defendant was deliberately indifferent to a known risk of harm posed by these conditions and, therefore, fails to plausibly allege a violation of a constitutional right.

Second, to the extent Phillips alleges a supervisory liability claim, that claim fails for the reasons stated above. Phillips does not allege that Defendants were *personally* involved in any constitutional violation. Accordingly, Phillips's claims against Defendants in their individual capacities should be dismissed for failure to state a claim.

Finally, because the Court concludes that Phillips has not pleaded facts plausibly showing that any Defendant violated a constitutional right, Defendants are entitled to qualified immunity at this stage. *See Stewart v. Precythe*, 91 F.4th 944, 950–53 (8th Cir. 2024) (holding defendant-appellant entitled to qualified immunity where plaintiff failed to allege that the defendant committed a constitutional violation). The individual-capacity claims against all Defendants should be dismissed without prejudice.

## IV.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Judgment on the Pleadings (Doc. 13) be GRANTED.

2. Phillips's Complaint (Doc. 2) be DISMISSED without prejudice.

3. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022).

    4.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

    DATED this 28th day of June, 2024.

*Benecia Moore*
_____
UNITED STATES MAGISTRATE JUDGE